**Elmer G. ABBOTT et al.,**
v.
**UNITED STATES.**
No. 50208.

United States Court of Claims.
Jan. 14, 1959.

Francis P. Noonan, Washington, D. C., for plaintiff.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

In an earlier decision in this case, 151 F.Supp. 929, 138 Ct.Cl. 459, we held that all of the plaintiffs, some 86 in number, pilots employed by the Panama Canal, were "wage board" employees within the meaning of section 203 of the Federal Employees Pay Act of 1945, 59 Stat. 297, 5 U.S.C.A. § 913. Before that decision they had been regarded as not covered by any particular pay statute, and their wages had been fixed by the Governor of the Canal, who in some respects used the standards of compensation applicable to employees of the Government covered by the Classification Act, 5 U.S.C.A. § 1071 et seq.

Classification Act employees, pursuant to section 201 of the 1945 Act, received overtime compensation, but not at the "true overtime" rate of time and one-half which was provided by section 203 for wage board employees. Section 201 provided for a "night differential" for Classification Act employees, while section 203 made no such provision for wage board employees. The Governor had paid the pilots the section 201 overtime, which was considerably less than the section 203 "true overtime" of wage board employees.

This court held that the pilots, being wage board employees, should have been paid overtime at section 203 rates. The Government contended that if the plaintiffs were to have the benefits of being wage board employees, they must permit their wages to be recomputed by section 203 standards for all purposes. They must credit the Government with the section 201 overtime pay, though inadequate, which they had in fact received, and must give back the night differential which they had received but were not entitled to under section 203.

The cases of all of the plaintiffs except one have been settled.[1] The one involved in the instant proceeding resists the Government's claim that he must permit his night differential pay to be credited against the overtime pay otherwise due him. He cites to us a decision of Judge Crowe of the District Court of the Canal Zone, in the case of Boyd v. Panama Canal Co., 160 F.Supp. 50, 62, holding that "allowances made by executive order for holiday pay, room allowances and meals when away from home after transiting the Canal, and the night differential of 10 per cent of the basic rate of pay that was paid during the period of July 1, 1951 to January 18, 1953, are made to fit certain circumstances and were not intended as overtime compensation nor basic pay but as additional compensation for work done during less desirable hours or in the case of the room allowances and meals to provide subsistence in keeping with the general practice in both Federal work and the maritime industry."

We do not know, of course, what material and what arguments were presented to the District Court. On the basis of the information and arguments presented in the instant case, we feel obliged to respectively disagree with that court as to the treatment of the night differential.

The plaintiff's motion for summary judgment on defendant's counterclaim is denied. The defendant's motion for summary judgment on the issues raised by its counterclaim is granted. Judgment is entered for the plaintiff C. S. Townshend (88) in the sum of $825.07.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and LARAMORE, Judge, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.

---

1. The present motions are directed only to the plaintiff C. S. Townshend (88). This opinion relates only to him.